ROGERS, Circuit Judge;
concurring:
I join the court’s opinion, but I write separately to emphasize two points. First, because the court holds petitioners have standing to bring their climate change claims on their “procedural theory” of standing, Op. at 479-80, it is unnecessary for the court to reach the question whether petitioners would also have standing under their “substantive theory” of standing, Op. at 475-79, see, e.g., U.S. Telecom Ass’n v. FCC, 295 F.3d 1326, 1331 n. 4 (D.C.Cir.2002). Determining the precise scope of the holding on standing in Massachusetts v. EPA, 549 U.S. 497, 127 S.Ct. 1438, 167 L.Ed.2d 248 (2007), and whether the Native Village of Point Hope has identified by affidavit particularized harms to its culture and way of life from climate change sufficient to establish Article III standing, for example, remain for another day, see Gersman v. Group Health Ass’n, Inc., 975 F.2d 886, 897 (D.C.Cir.1992). Second, as this appeal concerns only stage one of the Secretary’s 5-Year Leasing Program (2007-2012) under OCSLA, the court has no occasion to opine regarding the Secretary’s discretion to consider the global effects of oil and gas consumption, Op. at 485-86, other than to hold that the Secretary is not required by OCSLA to consider such effects at stage one.